**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Veronica Torpey,<br><br>   Plaintiff,<br><br>v.<br><br>Office of Navajo and Hopi Indian Relocation,<br><br>   Defendant. | No. CV-17-08184-PCT-DLR<br><br>**ORDER** |

  Plaintiff Veronica Torpey seeks judicial review of the administrative decision by Defendant Office of Navajo and Hopi Indian Relocation (ONHIR) denying Plaintiff relocation benefits under the Navajo-Hopi Settlement Act. (Doc. 1.) Before the Court is ONHIR's motion to dismiss Count II of Plaintiff's Complaint for lack of subject matter jurisdiction. (Doc. 11.) The motion is fully briefed, and neither side requested oral argument. (Docs. 16, 24.) For the following reasons, Defendant's motion is granted.

**I. Background**

  In 1882, a reservation was established in northeastern Arizona for the Hopi Nation and "such other Indians as the Secretary of Interior may see fit to settle thereon." *Bedoni v. Navajo-Hopi Indian Relocation Comm'n*, 878 F.2d 1119, 1121 (9th Cir. 1989). Members of the Navajo Nation subsequently settled on the reservation alongside the Hopi. *Id.* "The Hopi and Navajo [Nations] coexisted on the 1882 reservation for 75 years, but became entangled in a struggle as to which [nation] had a clear right to the

reservation lands." *Id.* In 1962, this district court found that the two tribes held joint, undivided interests in most of the reservation, which was called the "joint use area" (JUA). *Id.*

Twelve years later, after establishment of the JUA failed to solve inter-tribal conflicts over the land, Congress passed the Navajo-Hopi Settlement Act in 1974. *Id.* The Act authorized the district court to make a final partition of the reservation after mediation efforts between the nations had failed. *See Sekaquaptewa v. MacDonald*, 626 F.2d 113, 115 (9th Cir. 1980). The Act also directed creation of the ONHIR's predecessor, the Navajo-Hopi Relocation Commission, to provide services and benefits to help relocate residents who were located on lands allocated to the other nation as a result of the court-ordered partition. *See Bedoni*, 878 F.2d at 1121-22, 25 U.S.C. § 640d-11. To be eligible for relocation benefits, a Navajo applicant bears the burden of demonstrating that he or she was (1) a legal resident on the Hopi Partitioned Lands (HPL) on December 22, 1974, and (2) a head of household on or before July 7, 1986. 25 C.F.R. § 700.147.

In 1986, ONHIR closed the application process, and it remained closed to new applicants for nineteen years. *See* 51 Fed. Reg. 19169 (May 28, 1986). In 2005, acknowledging the number of late applications, ONHIR began accepting benefit applications from individuals who applied after the 1986 deadline or had not previously been informed of their eligibility. 25 C.F.R. § 700.138. This district court later held that ONHIR's fiduciary duty to displaced tribe members before 1986 had included an affirmative duty to attempt to contact and inform potentially eligible individuals of their right to apply for benefits. *Herbert v. ONHIR*, No. 06-CV-3014-PCT-NVW, 2008 WL 11338896, at *1 (D. Ariz. Feb. 27, 2008).

**II. Procedural History**

In August 2010, Plaintiff, a member of the Navajo Nation, applied for relocation benefits. (Doc. 1 ¶ 24.) In August 2012, ONHIR denied her application, finding that she was not a head of household (HOH) when she relocated from the HPL in 1979. (¶ 25.)

In September 2012, Plaintiff timely appealed ONHIR's decision. (¶ 26.) In July 2015, an independent hearing officer (IHO) held an appeal hearing. (¶ 28.)

In October 2015, the IHO issued an opinion upholding the ONHIR's denial, finding that Plaintiff's testimony about her HOH status in 1979 was not credible because she lacked documentary proof of her income. (¶ 30.) The IHO's ruling became ONHIR's final decision when it issued a Final Agency Action on November 3, 2015. (¶ 33.) Plaintiff then commenced this action for judicial review under the Administrative Procedure Act (APA), 5 U.S.C. § 701 et. seq. (¶¶ 34-47.) In Count I, Plaintiff appeals ONHIR's denial of benefits. (¶¶ 34-37.) In Count II, Plaintiff alleges ONHIR breached a trust obligation by abrogating its duty to attempt to contact and inform her of her right to apply before 1986. (¶¶ 38-47.)

ONHIR argues it is entitled to dismissal of Count II of the Complaint for lack of subject matter jurisdiction for two reasons: (1) there is no final agency action on the issue, and (2) Plaintiff has not fulfilled the requirements of prudential exhaustion. (Doc. 11.) Because the Court agrees that there is no final agency action, it need not reach the issue of prudential exhaustion.

**III. Discussion**

"A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006). "With a 12(b)(1) motion, a court may weigh the evidence to determine whether it has jurisdiction." *Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005). The burden of proof is on the party asserting jurisdiction to show that the court has subject matter jurisdiction. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). "[B]ecause it involves a court's power to hear a case," subject matter jurisdiction "can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002).

Unless Congress specifies otherwise, the district court reviews agency proceedings

pursuant to the APA. 5 U.S.C. § 704; *see Herbert v. ONHIR*, No. 06-CV-3014-PCT-NVW, 2008 WL 11338896, at *5 (D. Ariz. Feb. 27, 2008). A reviewing court may reverse an ONHIR decision if it is arbitrary, capricious, an abuse of discretion, contrary to law, or unsupported by substantial evidence. 5 U.S.C. § 706(2)(A), (E); *see Bedoni*, 878 F.2d at 1122. The court, however, may only review an issue that ONHIR has ruled on with a "final agency action." 5 U.S.C. § 704 (provides for judicial review of "final agency action"); 25 C.F.R. § 700.303 ("No decision . . . subject to appeal to the Commission shall be considered final agency action subject to judicial review . . . ."); *Reid v. Engen*, 765 F.2d 1457, 1460 (9th Cir. 1985) (noting that "[a]s a general rule, if [plaintiff] fails to raise an issue before an administrative tribunal, it cannot be raised on appeal from that tribunal."). Stated differently, the district court lacks jurisdiction to rule on issues related to an administrative action if the issues were not raised during the administrative proceedings. *See Howard v. FAA*, 17 F.3d 1213, 1219 (9th Cir. 1994).

Plaintiff never raised a breach of fiduciary duty claim at the agency level. (A.R. 35.) Because this claim was never before the ONHIR, it never issued a final agency action on the matter.[1] Without a final agency action, this Court lacks jurisdiction. *Herbert*, 2008 WL 11338896, at *6 ("The court lacks jurisdiction to review agency decisions based on issues that were not raised in the administrative proceedings.").

Plaintiff attempts to circumvent the lack of a final agency action by recasting it as an issue of exhaustion of administrative remedies. Specifically, Plaintiff argues that exhaustion of administrative remedies is not a prerequisite to filing suit because the enabling statute, the Navajo-Hopi Settlement Act, did not expressly mandate as much, and therefore this Court has jurisdiction. (Doc. 16 at 5.) Plaintiff's argument, however, incorrectly treats statutory exhaustion and final agency action as one in the same. Statutory exhaustion requires an appeal to a "superior agency authority" where the

---

[1] Although in rare cases and under "exceptional circumstances," district courts may exercise jurisdiction over a discrete issue where the plaintiff failed to raise that issue at the administrative agency level, *Getty Oil Co. v. Andrus*, 607 F.2d 253, 256 (9th Cir. 1979), no such circumstances exist here.

- 4 -

agency action has already become "final."  *Darby v. Cisneros*, 509 U.S. 137, 154 (1993). Here, the Court lacks jurisdiction not because Plaintiff failed to exhaust her administrative remedies, but because she never permitted the agency to take a final action in the first place.  *See* 5 U.S.C. § 704.  Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss Count II of the Complaint (Doc. 11) is **GRANTED**.

Dated this 28th day of June, 2018.

Douglas L. Rayes
United States District Judge